# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT COVINGTON

**CIVIL ACTION NO. 2:19-cv-149 (WOB-CJS)**

**JEFFERY BRIAN KIDWELL**                                  **PLAINTIFF**

**VS.**                      **MEMORANDUM OPINION AND ORDER**

**MAYBACH INTERNATIONAL GROUP, ET AL.**             **DEFENDANTS**

This personal injury action arose out of a vehicle accident that occurred in a gas station parking lot in Boone County, Kentucky. Plaintiff has brought claims for negligence and negligence per se as well as claims for negligent hiring, retention, supervision, entrustment, and training. (Doc. 1-1 ¶¶ 24-47). This case is now before the Court on Plaintiff's motion to remand and Defendants' partial motion to dismiss for failure to state a claim. (Docs. 4, 8). For the reasons below, both motions are **DENIED**.

## I. Factual Background

The accident occurred on April 18, 2018, while Plaintiff was inspecting a tractor trailer driven by Nenard Madzarevic. (Doc. 1-1 ¶¶ 14, 18-20). Plaintiff was standing next to the trailer when Madzarevic drove forward and turned left. (*Id.* ¶¶ 18, 20). Madzerevic's truck pinned Plaintiff against his own vehicle,

crushing him and dragging him between the two vehicles until finally throwing him to the pavement. (*Id.* ¶ 20). The accident left Plaintiff with serious injuries, and he was transported via helicopter to Cincinnati for treatment.

Plaintiff originally filed suit in Cook County, Illinois, where Defendant Maybach has its headquarters. Maybach moved to dismiss the suit based on *forum non conveniens* because the accident occurred in Kentucky and several witnesses were still located in the area. (Doc. 8-4). The Cook County Court granted Maybach's request and dismissed the suit under the Illinois statute addressing *forum non conveniens*. *See* Ill. Sup. Ct. R. 187(c)(2). Plaintiff refiled the suit in Boone County, Kentucky, and Defendants then removed the Boone County suit to this Court.

## II. <u>Arguments and Analysis</u>

### A. Motion to Remand

Plaintiff's motion to remand argues that Defendants waived their right to remove when they asked the Illinois state court to dismiss the suit filed there. In Plaintiff's view, Defendants made explicit representations to the Illinois court that they planned to litigate the suit in the state courts of Kentucky. Plaintiff bases this mostly on Defendant Maybach noting that Boone County Courts heard fewer cases and had a faster resolution time.

Plaintiff also argues that Defendants should be estopped from removing the case to federal court because Defendants' references

to Kentucky state court, in documents filed in Illinois state court, amounted to false representations of material fact that Defendants knew Plaintiff would rely upon when he filed suit in Boone County, Kentucky.

Plaintiff's motion to remand is denied. While a party can waive its right to remove a case to federal court, such waivers must be clear and unequivocal. *McKinnon v. Doctor's Associates, Inc.*, 769 F.Supp 216, 217 (E.D. Mich. 1991) (citing *Regis Associates v. Rank Hotels Lt.d*, 894 F.2d 193, 195 (6th Cir. 1990)). Though Defendants referenced the docket of Boone County, Kentucky, in documents filed in Cook County, Illinois, they never clearly and unequivocally stated that they intended to waive their right to remove or litigate the case to a resolution in Kentucky state courts.

Defendants' references to Boone County include pointing out that the accident occurred there and noting that several witnesses live and work in the area. Defendant also provided comparisons between Cook County, Illinois's, and Boone County, Kentucky's, dockets and filing statistics, arguing that the case would be resolved faster in Kentucky's courts. Contrary to Plaintiff's belief, these references to filing statistics and to the location of the accident and witnesses are not clear and unequivocal expressions of an intent to litigate the case to a final resolution in Boone County, Kentucky.

*Kidwell v. Maybach International Group, et al.*
Opinion and Order
- 3 -

A defendant may also indicate that it is submitting to the jurisdiction of the state court by making affirmative use of the process of the state court. *Bedell v. H.R.C., Ltd.*, 522 F.Supp. 732, 738 (E.D. Ky. 1981). That is, defendants are not allowed to experiment in state court and then remove for another try in federal court. *Id.* Typically, in order to constitute a waiver, a defendant's actions in state court must strike at the merits of a plaintiff's claims. *Id.* at 739.

Merely filing a motion to dismiss based on *forum non conveniens* does not reach the merits of any claim. Courts dismiss cases based on *forum non conveniens* solely for administrative and public policy reasons. Since Defendants' motion never addressed the merits of Plaintiff's claims, Defendants' arguments about why litigating in a different location would be preferable are insufficient to constitute an implicit waiver of their right to remove. Further, once the case was refiled in Kentucky state court, Defendants took no action in the Kentucky court beyond removing the case to this Court.

Plaintiff's argument that Defendants should be equitably estopped from removing because they misrepresented a material fact is also unavailing. Defendants neither expressly represented that they intended to litigate the suit in state court, nor did they enter into an agreement with Plaintiff to do so. Again, Defendants did nothing more than file a motion to have the case dismissed so

that it could be refiled in a more appropriate location. And that motion argued that Kentucky was a better forum because the accident occurred there, several witnesses still live in the area, and that the docket in Boone County, Kentucky, was likely less congested than the one in Cook County, Illinois. Neither Defendants' actions nor their arguments can be construed as a promise to litigate the suit entirely in the state courts of Kentucky.

**B. Partial Motion to Dismiss**

Regarding the partial motion to dismiss Plaintiff's claims of negligent hiring, retention, supervision, entrustment, and training, Defendants insist that Plaintiff merely recited the elements of these claims without providing details that support them.

Factual allegations in a complaint "must be enough to raise a right to relief above the level of speculation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But as *Iqbal* notes, determining whether a complaint states a plausible claim is ultimately a context-specific task that requires a court to draw on its experience and common sense. *Iqbal*, 556 U.S. at 1940.

While some of the complaint's allegations are brief, there are several sensible reasons for allowing the claims to go forward. First, Plaintiff's allegations give Defendants notice of Plaintiff's claims. Next, allowing Plaintiff's claims to go forward is unlikely to significantly expand the scope of discovery, and dismissing the claims before discovery could prolong the litigation by forcing Plaintiff to amend the complaint during or after discovery. Finally, Plaintiff's obligations under Federal Rule of Civil Procedure 11 require him to dismiss unsupported claims, and Defendants will have the opportunity to move for summary judgment should they feel the claims are unsupported.

### III. Conclusion

For the reasons above, **IT IS ORDERED** that both Plaintiff's motion to remand and Defendants' partial motion to dismiss are **DENIED.** (Docs. 4, 8).

This 24th day of February, 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge