UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| JEFF WOLFF, as Ancillary Administrator of the Estate of Jeffery Brian Kidwell, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. 2: 19-149-DCR ) ) |
| V. | ) ) |
| MAYBACH INTERNATIONAL GROUP, INC., et al., | ) **MEMORANDUM OPINION** ) **AND ORDER** ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendants' objections to the deposition testimony of Jeffery Kidwell's treating physicians, Henry Colmer, M.D., and Peter Rappa, M.D. The defendants' objections focus heavily on the plaintiff's failure to disclose Colmer and Rappa as expert witnesses under Rule 26(a)(2) of the Federal Rules of Civil Procedure. They contend that, despite the plaintiff's disclosure of these treating physicians as lay witnesses, plaintiff's counsel elicited expert testimony from them during their respective depositions. The defendants now seek to exclude that testimony as well as other evidence the defendants contend is inadmissible. The objections will be sustained, in part, and overruled, in part for the reasons that follow.

**I.**

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides that a party must file an expert report from a treating physician if the physician was "retained or specially employed to provide expert testimony." *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007).

If a treating physician testifies beyond the scope of treatment and provides opinion testimony based on his "scientific, technical, or otherwise specialized knowledge," then the treating physician is testifying as an expert and, at the very least, must be disclosed according to the requirements of Rule 26(a)(2)(A) and (C). *Id.* "Treating physicians disclosed only as lay witnesses may testify only to lay facts." *Huntzinger v. Coyle*, 2022 WL 1407951, at *1 (E.D. Ky. Feb. 11, 2022) (quoting Federal Rules of Civil Procedure, Rules and Commentary Rule 26).

## II.

### A.  Dr. Colmer

Henry Colmer, M.D., is an emergency medicine physician who saw Kidwell when he arrived by helicopter at the University of Cincinnati Medical Center on April 18, 2018.  Colmer examined Kidwell and determined that he was in critical condition, as he had numerous serious injuries, including collapsed lungs, bilateral segmental fractures of all ribs, pneumomediastinum, severe injury to his left kidney, significant liver trauma, severe spleen injury, pelvic fractures, a deep vein thrombosis, and an injury to his colon.  Colmer did not personally see or treat Kidwell after April 18, 2018.

The defendants first move to exclude Colmer's testimony concerning his education, training, and experience.  The Court agrees that such information has minimal relevance since Colmer is testifying only as a fact witness.  *See Burkhead v. Union Pac. RR.*, 2005 WL 8165091, at *2 (D. Kan. Sept. 14, 2005) (concluding that treating physician's background should be comparable to that of other lay witnesses and questioning about his CV, prior experience, and publications was inappropriate).  The fact that Colmer encountered Kidwell in his capacity as an emergency room physician provides sufficient context for his testimony.

The defendants also seek to exclude portions of Colmer's testimony that could be construed as providing opinions on causation. The defendants first object to Colmer's recitation of the following history received from EMTs or Air Care providers:

> Unknown age male, estimated to be in his 50s to 60s. Presents for evaluation as described where he was hit at low speed by a semi-truck, which then pinned him against another vehicle with some prolonged extrication from the vehicle that was done slowly prior to arrival of Air Care, who transported him to our facility.

Colmer does not purport to testify on causation here, but rather, explains how Kidwell presented to him, which would have informed his treatment decisions. *See Fielden*, 482 F.3d at 869 (observing that "doctors may need to determine the cause of an injury in order to treat it"). *See also Chau v. NCL (Bahamas) Ltd.*, 2017 WL 3623562, at *9 (S.D. Fla. May 3, 2017) (explaining that a physician's knowledge of the mechanism of injury aids him in treating his patient). This portion of Dr. Colmer's testimony will not be excluded. A jury clearly would understand that Colmer was not at the scene of the accident and therefore did not witness what occurred.

The defendants also seek to exclude Colmer's opinion that Kidwell's injuries were *consistent* with the "crush-related injury pattern" described above. The plaintiff responds by citing the Court's previous observation that "[a] layperson with general knowledge would recognize that if a person is being treated for injuries after being pinned and dragged between two semitrucks, the pinning and dragging is probably the cause of the injuries." However, a treating physician testifying as a lay witness may not comment on causation when his opinion regarding the cause of injuries is not necessary to explain his decision-making process or when it does not pertain to treatment. *See Fielden*, 482 F.3d at 869; *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005). Nothing about the Court's previous ruling allows Colmer

to provide an impermissible expert opinion regarding causation. Thus, this portion of the plaintiff's motion to exclude is granted.

Next, the defendants seek to exclude Colmer's testimony that Kidwell was in pain and/or distress when he arrived at the University of Cincinnati Medical Center on April 18, 2018. These portions of testimony appear to be based on Colmer's personal observations during his treatment of Kidwell and are proper subjects of testimony.

The defendants argue that Colmer should not be permitted to testify regarding the treatment that Kidwell received after April 18, 2018, because Colmer did not treat or see Kidwell after that date. The plaintiff simply argues that, as the treating physician, Colmer may testify regarding follow-up treatments based on his evaluation and treatment plan for Kidwell.

A treating physician providing lay testimony "can testify narrowly, limited to personal knowledge resulting from providing medical care, involving consultation, examination, or treatment of a patient plaintiff." *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1316 n.23 (11th Cir. 2014). *See Michaels v. Taco Bell Corp.*, 2012 WL 13054260, at *10 (D. Ore. Oct. 29, 2012) (treating physicians could not express opinions based on other providers' treatments or make predictions about the plaintiff's future beyond any they reached during their own treatment of the plaintiff); *Ghiorzi v. Whitewater Pools & Spas Inc.*, 2011 WL 5190804, at *9 (D. Nev. Oct. 28, 2011) (treating physician's testimony is limited to his own treatment of the plaintiff); *Boos v. Marks*, 490 F.3d 86 (Ks. Ct. App. July 16, 2021) (same) (table opinion); *Bollwitt v. Baptist Mem. Hosp.-Golden Triangle, Inc.*, 2022 WL 16727126, at *3 (N.D. Miss. Nov. 4, 2022) (concluding that treating physician testified as an expert when he based his testimony on treatment provided in another state in which he had no involvement).

Colmer testified at his deposition that he had no personal knowledge of the care and treatment provided to Kidwell after April 18, 2018—his knowledge was based on a review of the records, which were provided to him by plaintiff's counsel in the weeks leading up to his deposition. *Id.* at 20. Accordingly, he may not testify concerning these matters, which he reviewed specifically for the purposes of litigation.

Likewise, Colmer may not testify concerning the reasonableness of Kidwell's medical bills. Plaintiff's counsel provided Colmer medical bills from the University of Cincinnati for review about a week prior to his deposition. Colmer testified that he was not involved in determining the charges for any of Kidwell's treatment. [*See* Record No. 249, p. 20.] When asked whether he had an opinion regarding the reasonableness of the charges, Colmer responded: "So I do not have the specific background in the finances associated with charges distributed to patients." He went on to say, however, that having looked through the charges and considering the length of Kidwell's stay, "the charges ascribed to that as by standard financial process, [he thought] would be reasonable." *Id.* at 16. This impermissible opinion testimony will be excluded.

**B.  Dr. Rappa**

Peter J. Rappa, M.D., is a physical medicine and rehabilitation physician who treated Kidwell at Methodist Rehabilitation Hospital in Dallas, Texas. Rappa examined Kidwell upon his admission to Methodist on May 14, 2018, and developed a rehabilitation plan, which included nursing and medical care, as well as physical, occupational, and speech therapy. Rappa explained that, since Kidwell came in as a referral, he needed to review Kidwell's background information to know what conditions he would be treating. [Record No. 250, p. 4]

Rappa further stated that Kidwell was a candidate for inpatient rehabilitation based on his diagnosis of polytrauma, which included left comminuted proximal humeral fracture, repaired; right inferior pubic ramus fracture with right anterior acetabular wall fracture with repair and right iliac wing fracture; Grade III hepatic laceration; Grade IV splenic laceration; left renal artery transection with intraluminal hemorrhage; rib fractures 1 through 12 on the right and 1 through 12 on the left; L1-L2, meaning lumbar 1, lumbar 2, transverse process fractures; exploratory laparotomy with splenectomy, repair of colonic injury; open reduction and internal fixation proximal humerus with proximal humeral cage;. right-sided rib plating status post thoracotomy; open reduction and internal fixation right pelvic ring with sacroiliac screw fixation right pelvis; status post removal of right hemipelvic screws and posterior fixation of the left pelvic ring; deep vein thrombosis left lower extremity status post inferior vena cava filter; bilateral hemi-pneumothoraces; left renal injury secondary to non-perfusion status post continuous renal replacement therapy.

Treating physicians may offer lay testimony that implicates their specialized experience as a physician if the testimony is an account of their observations during the course of treatment or if it is offered for the purpose of explaining the physician's decision making process or the treatment provided. *Rementer v. United States*, 2017 WL 1095054, at *21 (M.D. Fla. Mar. 21, 2017) (citing *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005)). Accordingly, Rappa may testify regarding the nature of Kidwell's underlying injuries, as those injuries necessarily informed Rappa's treatment plan. Rappa may not explain the injuries in layman's terms, as such testimony does not concern his observations or his decision making process in treating Kidwell.

And like Dr. Colmer, Rappa may not offer an opinion on causation—particularly whether Kidwell's injuries were consistent with being pinned between two tractor trailers or whether they were consistent with a crush injury. *See Traveler's Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 71 F.4th 894, 907-08, n.9 (11th Cir. 2023) (observing that, when a treating physician's testimony is based on a hypothesis, rather than his experience in treating the patient, it crosses the line from lay to expert testimony). Likewise, Rappa may not testify regarding Kidwell's previous splenectomy or what a splenectomy is, in general.

Rappa also may not testify regarding the reasonableness of Kidwell's medical expenses. This constitutes opinion testimony that is impermissible for a lay witness. Further, Rappa conceded during his deposition that medical billing was "not his area" and "not [his] expertise." [Record No. 250, p. 10] However, Rappa may testify that Kidwell was not treated "for free," based on his personal knowledge of Kidwell's case. *Id.* at 11.

Rappa was asked to "project out" the "degree to which [Kidwell] was still in the recuperation phase." A treating physician may be permitted to testify to diagnosis and prognosis if such testimony is not prepared for the purpose of litigation and therefore does not implicate *Daubert'*s core concerns. *See Fielden*, 482 F.3d at 869; *Bryan v. Whitfield*, 2015 WL 11109792, at *2 (N.D. Fla. July 15, 2015) (citing *Wilson v. Taser Int'l., Inc.*, 303 F. App'x 708, 712-13 (11th Cir. 2008)). But here, Rappa clearly was asked to render an opinion specifically for the purposes of litigation, which is impermissible for a lay witness. Accordingly, this portion of his testimony will be excluded.

### C. Objection to Medical Records

Finally, the defendants object to the plaintiff's purported attempt to "dump" thousands of pages of medical records into evidence. The plaintiff tendered as exhibits to Colmer and

Rappa's depositions the medical records from Kidwell's hospitalizations at Cincinnati Medical Center and Methodist Rehabilitation Hospital, respectively. However, Colmer and Rappa authored and/or had personal involvement in only discrete portions of the treatments from which these records are derived. Accordingly, the defendants contend that the records are largely inadmissible.

The plaintiff responds that he will "introduce only those records at trial necessary and relevant to support his claims." While a ruling on the defendants' objection is premature, the plaintiff is admonished that medical records *may* be admissible at trial under an exception to the rule against hearsay if they are properly authenticated. *See Dixon v. Donald*, 2012 WL 13158089, at *2 (E.D. Tenn. Feb. 6, 2012) (citing Fed. R. Evid. 803(4), 803(6)); *Merendo v. Ohio Gastroenterology Grp., Inc.*, 2019 WL 3254620, at *2 (S.D. Ohio July 19, 2019) (citing *Norton v. Colyer*, 828 F.2d 384, 386-87 (6th Cir. 1987) (citing Fed. R. Evid. 803(6)). Further, the proponent of such evidence must introduce it through a "qualified witness, such as through the treating physician who authored the record." *Id.* (internal quotation mark omitted).

### III.

Based on the foregoing analysis, it is hereby

**ORDERED** that the defendants' objections [Record Nos. 252, 253] are **SUSTAINED**, in part, and **OVERRULED**, in part, consistent with this Memorandum Opinion and Order.

Dated: August 24, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky