UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| JEFF WOLFF, as Ancillary Administrator of the Estate of Jeffery Brian Kidwell, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2: 19-149-DCR |
| V. | ) ) | |
| MAYBACH INTERNATIONAL GROUP, INC., et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Jeff Wolff indicates that he intends to introduce at trial the videotaped depositions of Jeffery Kidwell and Daniela Haisan. [Record No. 235, p. 2] Defendant Maybach International Group, Inc. ("Maybach") has tendered numerous objections to particular portions of these witnesses' testimony. [Record Nos. 208, 210] Having reviewed the matter, the Court overrules the objections to Kidwell's deposition, with the exception of the introduction of a summary of medical expenses prepared by counsel. The defendants have indicated that they intend to call Daniela Haisan, Maybach's witness under Rule 30(b)(6) of the Federal Rules of Civil Procedure, to testify live at trial. [Record No. 232, p. 2] As further outlined below, the plaintiff may not present Haisan's video deposition as direct evidence in lieu of her live testimony.

### 1.    Jeffery Kidwell[1]

---

[1]    Jeffery Kidwell passed away on September 19, 2021, and thus is unavailable to testify at trial. *See* Fed. R. Civ. P. 32(a)(4)(A).

Maybach objects to Kidwell's testimony that he would have been unable to pass the medical examination necessary to qualify as a CDL driver following the April 18, 2018 incident. [Kidwell deposition (Record No. 148-10), page 10, lines 7 through 16] The defendant contends that this testimony "calls for speculation and expert opinion testimony." However, the deposition of Kidwell, who was aware of his physical limitations and had taken the test previously, may be offered regarding whether he believed he could pass the examination and, if not, what problems he believed would have prevented him from doing so.

Maybach also contends that several photographs should not be admitted because the plaintiff failed to lay a proper foundation under Rule 901(a) of the Federal Rules of Evidence. Specifically, Maybach asserts that the photographs should be excluded because plaintiff's counsel did not ask Kidwell "whether the proffered photograph[s] [were] an accurate representation of the scene depicted." Although counsel did not utter these precise words, Kidwell made clear that he recognized the contents of the photos, including the truck he was driving the day of the incident and the Maybach truck that "was beside [his] driver's side on the day [he] was injured." [Kidwell deposition, page 14] Notably, counsel for Maybach did not assert any objection to the admissibility of these photographs during the deposition. Accordingly, these objections are overruled.

Maybach also objects to testimony concerning a summary that Kidwell had his attorneys prepare regarding his medical bills. Kidwell acknowledged that his attorneys had prepared the summary and testified that the total charges for his medical treatment were $799,939.87. *Id.* at p. 32. A party can introduce the contents of voluminous writings that cannot be conveniently examined in court under Rule 1006 of the Federal Rules of Evidence. Alternatively, Rule 611(a) allows parties to use pedagogical summaries that are not substantive

- 2 -

evidence but, instead, are simply summaries of evidence already in the record. It does not appear that the summary satisfied either rule at the time of Kidwell's deposition, so any reference to the summary will be excluded. [Kidwell deposition page 32, lines 12 through 20] However, Kidwell's deposition testimony may be offered regarding the amount of charges based on his personal knowledge.

The Court previously denied the defendants' claim that Kidwell may not seek damages for lost wages. [Record No. 240, pp. 14-15] Accordingly, the objection to testimony concerning Kidwell's compensation is overruled.

### 2.     Daniela Haisan

Plaintiff's counsel took the video deposition of Daniela Haisan, Maybach's Rule 30(b)(6) witness, on June 29, 2021. However, the defendants indicate Ms. Haisan will be available to testify at trial. [Record No. 232, p. 2] "Whether to admit deposition testimony in evidence at trial rests within the district court's broad discretion." *Short v. Marvin Keller Trucking, Inc.*, 2021 WL 5410888, at *1 (E.D. Ky. Nov. 18, 2021) (citing *Lear v. Equitable Life Assurance Soc'y*, 798 F.2d 1128, 1135 (8th Cir. 1986)). Using Haisan's deposition when she is present for trial is likely to complicate the issues and confuse the jury. Additionally, the video deposition would require extensive modification before it could be presented to the jury due to the numerous objections, discussions of counsel, and inadmissible evidence contained therein.

Although Rule 32(a)(3) allows an adverse party to use a Rule 30(b)(6) witness's deposition for "any purpose," courts routinely limit that option when the witness is available for trial. *Id.* (citing *Gonzalez Prod. Sys, Inc. v. Martinrea Int'l Inc.*, 310 F.R.D. 341, 344 (E.D. Mich. 2015) (permitting the deposition to be used to impeach the witness's live testimony).

*See also Stansbury v. Hopkins Hardwoods, Inc.*, 2018 WL 2977439, at *5 (W.D. Ky. Mar. 2, 2018).  In this case, the plaintiff will not be allowed to introduce Haisan's video deposition as direct evidence.  However, it may be used for impeachment purposes if appropriate.

The plaintiff is cautioned that certain topics covered in Haisan's deposition should be avoided at trial, as they are outside the scope of Haisan's Rule 30(b)(6) notice and/or are irrelevant.  These include questions concerning Maybach's insurance coverage or potential legal immunity and Nenad Madzarevic's ability to speak or understand English.  Likewise, any questions and testimony concerning rules and regulations touching upon *any* driver's ability to understand English will be excluded as irrelevant.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.  Maybach's objections to Jeffery Kidwell's deposition testimony are **OVERRULED**, in part, and **SUSTAINED**, in part, consistent with this Memorandum Opinion and Order.

2.  Plaintiff Jeff Wolff is precluded from presenting the video deposition of Daniela Haisan as direct evidence, but may seek to use it as impeachment evidence, if appropriate.

Dated: September 25, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky